MELANIE A. HILL, ESQ.
Nevada Bar No. 8796
**MELANIE HILL LAW PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel:     (702) 362-8500
Fax:    (702) 362-8505
Melanie@MelanieHillLaw.com
*Attorney for Plaintiff Pamela Dittmar*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*****

| | |
|---|---|
| PAMELA DITTMAR,<br><br>           Plaintiff,<br><br>      v.<br><br>CITY OF NORTH LAS VEGAS, a municipal corporation,<br><br>           Defendant. | Case No. 2:17-cv-02916-JAD-BNW<br><br>**STIPULATION TO EXTEND DEADLINE TO RESPOND TO EMERGENCY MOTION FOR PROTECTIVE ORDER [ECF. No. 72]**<br><br>**(Second Request)** |

NOW COMES the Plaintiff, Pamela Dittmar, by and through her attorneys, Melanie A. Hill and Melanie Hill Law PLLC, and Defendant City of North Las Vegas, by and through its attorneys, R. Todd Creer and Kamer Zucker Abbott, who hereby stipulate that Plaintiff may have an extension of time from the current deadline of December 30, 2020 at 11:59pm, within which to respond to all of the Defendant's Emergency Motion for Protective Order [ECF No. 72]. This Stipulation is made at the request of Plaintiff's counsel for the reasons set forth herein and this is the second request for an extension of the deadline to respond to the Emergency Motion.

In support of this Stipulation and Order, the parties state as follows:

1.      Plaintiff was served with the Emergency Motion for Protective Order [ECF No. 72] on December 28, 2020 and the Court entered an Order that same day ordering Plaintiff respond to

the Emergency Motion by 5:00pm on December 30, 2020.  The court's minute order stated that no reply is allowed and set a hearing on the Emergency Motion for Wednesday, January 6, 2021.

2. On December 30, 2020 Plaintiff requested, and the Court granted, Plaintiff's request by stipulation and order for an extension from the court's deadline of 5:00pm on December 30, 2020 until 11:59pm on December 30, 2020 [ECF Nos. 74 and 75].

3. While Ms. Hill, counsel for Plaintiff Ms. Dtttmar, was attempting to prepare the physical stipulation pleading with the language that counsel for Defendant had approved for filing, she was unable to edit the word document because her Office 365 subscription expired and the product code she previously purchased for Office 2019, and was attempting to input into Microsoft, was giving her an error code.  The error code stated that it was previously redeemed even though Ms. Hill had not yet used the product code.  Ms. Hill tried logging into and inputting the product code into both of her Microsoft accounts to no avail and wasted a significant amount of time she needed to complete the response, declaration, and exhibits dealing with this technical issue.

4. So as not to miss the deadline to file the stipulation before the 5:00pm deadline because the standard of review changes to excusable neglect after the expiration of the deadline, Ms. Hill finally just signed up for a free trial of Office 365, completed the stipulation pleading, and filed it within minutes of the 5:00pm deadline.  The Court granted the stipulation and entered an order extending the deadline in less just over 30 minutes after it was filed, so Ms. Hill did not have time to attempt to speak to Mr. Creer to see if he would agree to extend the deadline to the following day due to the technical issue and file an amended stipulation before it was expeditiously granted by the Court.

5. Thereafter, Ms. Hill worked diligently to try to complete the response, her detailed declaration, and exhibits of emails by the 11:59pm deadline, but even with her diligence will miss the new deadline by a mere hours due to the drafting of the motion for extension and second stipulation after Mr. Creer agreed to so stipulate and so that she can compile her detailed declaration and exhibits lying out the procedural history of the depositions and Covid-19 cancellations in this case with supporting emails.

6. When counsel realized that she may need a few more hours, she reached out to Mr. Creer by email at 8:54pm to request a stipulation until the following day informing him that she would likely need a few additional hours and requesting to extend her deadline until tomorrow, December 31, 2020.  Ms. Hill did not expect a response because it was late into the evening and after business hours.  However, Ms. Hill reached out for the agreement from Mr. Creer so that she could file her timely motion tonight and then file a stipulation the following day.  This would allow Ms. Hill to withdraw the motion and file a stipulation for the Court's signature to avoid the necessity of the court having to adjudicate the motion if it is unopposed.

7. As soon as Ms. Hill completed the drafting of her motion for an extension because she did not expect Mr. Creer to respond tonight, prior to the expiration of the current deadline of 11:59pm on December 30, 2020, Ms. Creer responded to Ms. Hill that he would agree to the additional extension at 10:39pm.  Ms. Hill then converted the motion into this stipulation and emailed it to Mr. Creer for his approval to e-sign and e-file.

8. For good cause shown, as a result of this technical issue with Office 365 and inability to attempt to file an amended stipulation before it was granted by the Court, the parties have stipulated to extend Plaintiff's deadline to file her response to the Emergency Motion one additional day up to and including December 31, 2020.  This additional extension will not delay the adjudication of this discovery dispute because Defendant is not allowed to file a reply and the hearing is not until next Wednesday, January 6, 2021.

9. This stipulation and request are being brought in good faith and are not sought for any improper purpose or other purpose of delay, but to allow counsel for the Plaintiff additional time to respond to the Emergency Motion due to this technical issue up to and including December 31, 2020.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff respectfully requests by this motion that the Court extend the deadline for Plaintiff to respond to Defendant's Emergency Motion for Protective Order [ECF No. 72] up to and including December 31, 2020.

DATED this 30th day of December, 2020.

| MELANIE HILL LAW PLLC | KAMER ZUCKER ABBOTT |
|---|---|
| By: /s/ Melanie A. Hill<br>Melanie A. Hill, Esq. (NV Bar No. 8796)<br>520 S. 7th Street, Suite A<br>Las Vegas, Nevada 89101<br>Telephone: (702) 362-8500<br>Facsimile: (702) 362-8505<br>Melanie@MelanieHillLaw.com<br>*Attorneys for Plaintiff Pamela Dittmar* | By: /s/ R. Todd Creer<br>R. Todd Creer (NV Bar No. 10016)<br>Kaitlin H. Paxton (NV Bar No. 13625)<br>3000 West Charleston Blvd., Suite 3<br>Las Vegas, Nevada 89102<br>Telephone: (702) 259-8640<br>Facsimile: (702) 259-8646<br>kpaxton@kzalaw.com<br>*Attorneys for Defendant City of NLV* |

ORDER

**IT IS SO ORDERED**

**DATED:** 12:38 pm, January 06, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**