UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Pamela Dittmar,<br><br>    Plaintiff<br>v.<br><br>City of North Las Vegas,<br><br>    Defendant | Case No.: 2:17-cv-02916-JAD-BNW<br><br>**Order Denying Motion to Extend Deadlines**<br><br>[ECF No. 207] |

    In what has become an all-too-familiar practice, plaintiff Pamela Dittmar's counsel, attorney Melanie Hill, asks that this court grant her another eleventh-hour extension, this time to extend the deadlines for filing post-trial motions.[1]  This wait-till-the-last-minute-to-file approach has caused another problem this time around, though: the extension request itself was untimely, filed a day after the post-trial-motion deadlines that Ms. Hill seeks to enlarge.  She claims that internet-connectivity issues on a cruise she was on caused this lapse and argues that this amounts to excusable neglect.  Defendant City of North Las Vegas opposes any extension, arguing that this time Ms. Hill's habitual procrastination cannot be excused by this court because Federal Rule of Civil Procedure 6(b)(2) prohibits the enlargement of most post-trial-motion deadlines.  The City also contends that, regardless, Ms. Hill hasn't shown that her tardy request is the product of excusable neglect.  Because Ms. Hill's neglect isn't excusable and, even if it were, FRCP 6(b)(2) bars the relief she seeks, I deny the motion.

---

[1] ECF No. 207.

**Discussion**

**A.      The lateness of this extension request doesn't stem from excusable neglect.**

Federal Rule of Civil Procedure 6(b)(1) permits courts to extend deadlines for good cause shown and, for a motion "made after the time has expired," only "if the party failed to act because of excusable neglect."  When determining whether a party has shown excusable neglect, courts consider: (1) "prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."[2] Weighing these equitable factors is left "to the discretion of the district court in every case."[3]

Ms. Hill hasn't shown that her failure to timely file post-trial motions or seek an extension of time to do so is the product of excusable neglect.  The one-month extension she seeks is not particularly long, and an extension of that length likely wouldn't prejudice the City.  Nor is there any indication that she seeks this extension in bad faith.  But Ms. Hill's reason for the delay is inadequate and the untimeliness of the filing was largely if not entirely within her control.[4]  Ms. Hill's only excusable-neglect argument is that internet issues on her cruise prevented her from filing this motion when she tried to do so on the last day that it would have been timely, but she doesn't explain why she waited right up until the deadline—March 12, 2024—to file.  She could have filed this motion before she departed for her cruise on March 8,

---

[2] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[3] *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

[4] *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973–74 (9th Cir. 2007) (upholding order denying extension when the movant "failed on the third factor—the reason for the delay," even though "the length of delay was not great and that the [non-moving parties] had not shown that they were prejudiced").

2024, several days prior to the deadline.[5]  But perhaps negotiations with the City about deadline extensions were ongoing at that time, and that is not the lapse that I find particularly egregious.

On March 9, 2024, though, Ms. Hill filed a stipulation to extend her deadlines to respond to the City's motion for attorney's fees and bill of costs.[6]  By that date—three days prior to her deadline to file post-trial motions or seek an extension—she knew that the City wasn't going to stipulate to extend the post-trial-motion deadlines.[7]  Ms. Hill had also experienced internet problems on cruise ships in the past: during a cruise last year, she sought an extension of the deadline to respond to the City's motion in limine because of her "cruise vacation and related WiFi speed and reliability issues."[8]  Despite knowing that she would need an extension several days before the post-trial-motion deadline and that she had experienced internet issues on cruise ships in the past, Ms. Hill still waited until the last minute to file the at-issue extension request.  The situation she found herself in was therefore one that was entirely of her own making and one that she should have foreseen.  So I find that, to the extent that it was caused by neglect, this neglect wasn't excusable.

---

[5] ECF No. 207 at 1.

[6] ECF No. 205.

[7] ECF No. 207 at 2 (noting that Ms. Hill "requested a stipulation of all three deadlines . . . but counsel for Defendant was only authorized to stipulated[sic] to the extensions of the objection to bill of costs and response to motion for attorneys' fees deadlines").

[8] ECF No. 137 at 3.  Ms. Hill ultimately failed to respond by that requested deadline and sought yet another extension, which I granted.  ECF No. 139; ECF No. 146.  I noted at the time that "[t]he requested deadline . . . came and went without the promised filing" and that "[t]his practice [was] becoming an unfortunate pattern for plaintiff's counsel."  ECF No. 139.  Only several weeks prior, Ms. Hill had sought three extensions to file her own motions in limine, which I denied as moot when she failed to submit a motion within even the latest of those requested extended deadlines.  *See* ECF No. 133; ECF No. 134; ECF No. 135; ECF No. 136.

**B.  FRCP 6(b)(2) precludes courts from extending post-trial-motion deadlines.**

Rule 6(b)(2) establishes that courts can't extend deadlines for motions brought under "Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Those rules govern, among other things, renewed motions for judgment as a matter of law,[9] motions for a new trial,[10] and motions to alter or amend a judgment.[11] All of these motion types must be filed within 28 days of judgment.[12] Ms. Hill doesn't specify what motions she actually wants to file, but it is 28-day-post-judgment deadlines that she is seeking to expand.[13] And it is those deadlines that Rule 6(b)(2) explicitly prohibits me from extending.[14] So even if I did find excusable neglect, I still couldn't sign off on the extension of these 28-day deadlines that Ms. Hill seeks.

---

[9] Fed. R. Civ. P. 50(b).

[10] *Id.* at 50(d), 59(b).

[11] *Id.* at 59(e).

[12] *Id.* at 50(b) ("No later than 28 days after the entry of judgment . . . the movant may file for a renewed motion for a judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."); *id.* at 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."); *id.* at 59(e) ("A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment.").

[13] ECF No. 207 at 1 (requesting post-trial-motion deadline "be extended from current deadline of March 12, 2024").

[14] *See, e.g., Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) (noting that Rule 6(b) "bars a district court from extending the . . . filing period for a new trial motion as set forth under Rule 59(b)"); *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 2020 WL 2220207, at *3 (C.D. Cal. Jan. 7, 2020) ("[A]uthority clearly states that a district court may not extend the statutory deadlines contained in Rules 50(b) and 59 . . . ."); *see also* Fed. R. Civ. P. 59, Committee Notes on Rules—2009 Amendment (noting that "Rule 6(b) continues to prohibit the expansion of time of the 28-day-period" for filing post-judgment motions under Rules 50, 52, and 59).

**Conclusion**

IT IS THEREFORE ORDERED that Pamela Dittmar's motion to extend deadlines **[ECF No. 207] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2024